UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
Orlando Division

FILED
2012 MAR -5 AM 10: 25

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

MERLE SYLVESTER and VICKI SYLVESTER
Plaintiff,

CASE NO.: 6:12-cv-341-Orl-18DAB

JURY TRIAL DEMANDED

vs.

GE CAPITAL RETAIL BANK f/k/a GE MONEY
BANK, LVNV FUNDING, LLC, EXPERIAN
INFORMATION SOLUTIONS INC. AND
EQUIFAX INFORMATION SERVICES, LLC.
Defendants.
_____/

## COMPLAINT

### I. JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 15 U.S.C. § 1681p and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action is for statutory damages which arises out of the Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), and Florida Consumer Collections Practices Act, Fla. Stat. 559.55 et seq. ("FCCPA").

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiffs reside here, and Defendants transact business here.

### II. PARTIES

4. Plaintiff, MERLE SYLVESTER, (hereinafter "Plaintiff"), is a natural person who resides in the City of PALM BAY, County of BREVARD, State of Florida, and is a "consumer" as the term is defined by 15 U.S.C. § 1681a(c), 15 U.S.C. § 1692a(3), and a "consumer" and "debtor" within the meaning of Fla. Stat.§ 559.55(2).

5. Plaintiff, VICKI SYLVESTER, (hereinafter "Plaintiff"), is a natural person who resides in the City of PALM BAY, County of BREVARD, State of Florida, and is a "consumer"

1

as the term is defined by 15 U.S.C. § 1681a(c), 15 U.S.C. § 1692a(3), and a "consumer" and "debtor" within the meaning of Fla. Stat.§ 559.55(2).

6. Defendant **GE CAPITAL RETAIL BANK f/k/a GE MONEY BANK**, (hereinafter "GE"), is a corporation which upon information and belief is authorized to do and doing business in the State of Florida, and is a creditor within the meaning of Fla. Stat. § 559.55(6), and is a person who furnishes information to consumer reporting agencies under 15 U.S.C § 1681s-2 and is subject to the series of duties and prohibitions upon any person or entity that furnishes information to a consumer reporting agency.

7. Defendant **LVNV FUNDING LLC.** (hereinafter "LVNV FUNDING"), is a collection agency in the business of collecting debts, and a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), and is a creditor within the meaning of Fla. Stat. § 559.55(6), and is a person who furnishes information to consumer reporting agencies under 15 U.S.C § 1681s-2 and is subject to the series of duties and prohibitions upon any person or entity that furnishes information to a consumer reporting agency.

8. Defendant, **EXPERIAN INFORMATION SOLUTIONS INC.** (hereinafter "EXPERIAN"), is a foreign corporation which, upon information and belief, is authorized to do and doing business in the State of Florida, and a "person" and "consumer reporting agency" as defined by 15 U.S.C. § 1681a(b), (f) that engages in the business of maintaining and reporting consumer credit information.

9. Defendant, **EQUIFAX INFORMATION SERVICES, LLC** (hereinafter "EQUIFAX"), is a foreign corporation which, upon information and belief, is authorized to do and doing business in the State of Florida, and a "person" and "consumer reporting agency" as defined by 15 U.S.C. § 1681a(b), (f), that engages in the business of maintaining and reporting consumer credit information.

10. All above listed Defendants may hereinafter be referred collectively to as "Defendants."

### III. FACTUAL ALLEGATIONS

11. Prior to the date of Defendants actions from which these allegations are derived, Plaintiff MERLE SYLVESTER had a good credit record.

12. Plaintiff, MERLE SYLVESTER was the subject of collection efforts and credit reporting concerning a debt, defined under the meaning and purview of the FDCPA, FCRA, and FCCPA.

13. Plaintiff MERLE SYLVESTER disputed the inaccurate information with Defendants by written communication, to its representatives and by following Defendants' established procedure for disputing consumer credit information.

14. Plaintiff MERLE SYLVESTER's dispute was not frivolous or irrelevant. Specifically, Plaintiff asserts that he is only the authorized user and is not legally responsible for the debt reported within the meaning of the FCRA. However, Defendant has disseminated credit reports and/or information that the accounts are reported accurately as belonging to Plaintiff MERLE SYLVESTER.

15. The inaccurate information negatively reflects upon Plaintiff MERLE SYLVESTER, Plaintiff MERLE SYLVESTER's credit repayment history, Plaintiff MERLE SYLVESTER's financial responsibility as a debtor, and Plaintiff MERLE SYLVESTER's credit worthiness.

16. Notwithstanding Plaintiff MERLE SYLVESTER's efforts, Defendants GE sent correspondences indicating its intent to continue publishing the inaccurate information

17. Defendants have nonetheless deliberately, willfully, intentionally, recklessly, and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, has failed to remove the inaccurate information, has failed to note the disputed status of the inaccurate information, has failed to properly respond to investigation requests, and has continued to verify, report, and confirm the derogatory inaccurate information about the Plaintiff.

18. Defendant's LVNV continues to report its inaccurate information without noting that the information is disputed.

19. Plaintiff, MERLE SYLVESTER has been damaged, and continues to be damaged, in the following ways:

   a. Denial of credit;

   b. Out-of-pocket expenses associated with disputing the information only to find the information to remain on the credit report;

c. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown;

d. Decreased credit score which may result in inability to obtain credit on future attempts.

20. Plaintiff, VICKI SYLVESTER has been damaged, and continues to be damaged, in the following ways:

   a. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff, MERLE SYLVESTER to other people both known and unknown;

   b. The stress of these problems weighed and continues to weigh on MERLE SYLVESTER and VICKI SYLVESTER and significantly contributes to the deterioration of their marriage.

21. At all times pertinent hereto, the conduct of Defendants, as well as that of its agents, servants, and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

## IV. COUNT ONE
## (VIOLATIONS OF FAIR CREDIT REPORTING ACT)

22. Plaintiff realleges and incorporates Paragraphs 1 through 21 as if fully set forth herein.

23. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

24. Pursuant to 15 U.S.C. §§ 1681n, 1681o Defendants, GE and LVNV are liable to Plaintiff for engaging in the following conduct:

   a. Willfully and/or negligently publishing, disseminating, verifying and re-reporting false and inaccurate information with disregard for the truth of the information in violation of 15 U.S.C. § 1681s-2.

b. Willfully and/or negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information, and file, in violation of 15 U.S.C. § 1681c(b).

25. Pursuant to 15 U.S.C. §§ 1681n, 1681o, Defendants, EXPERIAN and TRANSUNION are liable to Plaintiff for engaging in the following conduct:

    a. Willfully and/or negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from Plaintiff that he was not the principle account holder, in violation of 15 U.S.C. § 1681i(a);

    b. Willfully and/or negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. § 1681i(a);

    c. Willfully and/or negligently failing to note Plaintiff's dispute of the inaccurate information and in subsequent consumer reports, in violation of 15 U.S.C. § 1681i(c);

    d. Willfully and/or negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information, and file, in violation of 15 U.S.C. § 1681c(b).

26. The conduct of Defendants were a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages, and harm to Plaintiff that are outlined more fully above, and, as a result, Defendants are liable to Plaintiff for the full amount of statutory, actual, and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## V. COUNT TWO
### (VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT)

27. Plaintiff realleges and incorporates Paragraphs 1 through 21 as if fully set forth herein.

28. At all times relevant, Defendants, GE, and LVNV, alone or in concert, joint venture, partnership and/or some other contractual arrangement willfully failed to comply with the requirements imposed under the FDCPA, 15 U.S.C. § 1692 et seq., by violating 15 U.S.C. § 1692e(8) in publishing, reporting, verifying, and disseminating, false and misleading statements to credit bureaus, third parties, persons, and entities both known and unknown that Plaintiff was responsible for the debt as the principle account holder,

5

and 15 U.S.C. §§ 1692g (a), (b) by failing to validate a disputed debt and cease collection activity until such validation is communicated.

29. As a result of Defendants, GE and LVNV's violation of the FDCPA, plaintiff was caused to suffer the injuries, damages, and harm to Plaintiff that are outlined more fully in Paragraph 18, and, as a result, Defendants are liable to Plaintiff for the full amount of statutory, actual, and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

### VI. COUNT THREE
### (VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT)

30. Plaintiff realleges and incorporates Paragraphs 1 through 21 as if fully set forth herein.
31. Defendants GE and LVNV are "creditors" within the meaning of FCCPA, Fla. Stat. § 559.55(6).
32. In connection with the subject debt, Defendants GE AND LVNV engaged in illegal collection practices as are more particularly described below:

    a. Willfully, wantonly, and maliciously, without regard to their effect on the Plaintiff, made numerous false and misleading statements to credit bureaus, third parties, persons, and entities both known and unknown, indicating and implying that Plaintiff would not pay her debts, without any disclosure to the recipients of the statements that the debt was and is disputed by plaintiff, in violation of Fla. Stat. § 559.72 (4) and (6).

33. As a direct and proximate result of the conduct and acts of the Defendants GE AND LVNV, Plaintiff's good credit rating has been impaired, and Plaintiff has suffered injuries, damages, and harm to Plaintiff that are outlined more fully in Paragraph 18, and, as a result, Defendants are liable to Plaintiff for the full amount of statutory damages of $1000.00, actual, and punitive damages, along with the attorney's fees and the costs of litigation.

### VII. COUNT FOUR
### (SLANDER)

34. Plaintiff MERLE SYLVESTER realleges and incorporates Paragraphs 1 through 21 as if fully set forth herein.

35. As a result of Defendants' acts, Plaintiff MERLE SYLVESTER has been slandered and sustained damages thereby.
36. Plaintiff, MERLE SYLVESTER is entitled to his attorney fees.

## VIII. COUNT FIVE
## (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

37. Plaintiff MERLE SYLVESTER realleges and incorporates Paragraphs 1 through 21 as if fully set forth herein.
38. As a result of Defendants' intentional acts, Plaintiff MERLE SYLVESTER has suffered and continues to suffer emotional distress and other diminishments of Plaintiff MERLE SYLVESTER's quality of life.
39. Plaintiff, MERLE SYLVESTER is entitled to his attorney fees.

## IX. COUNT SIX
## (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

40. Plaintiff MERLE SYLVESTER realleges and incorporates Paragraphs 1 through 21 as if fully set forth herein.
41. As a result of Defendants' negligent acts, Plaintiff MERLE SYLVESTER has suffered and continues to suffer emotional distress and other diminishments of Plaintiff MERLE SYLVESTER's quality of life.
42. Plaintiff MERLE SYLVESTER is entitled to his attorney fees.

## X. COUNT SEVEN
## (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

43. Plaintiff VICKI SYLVESTER realleges and incorporates Paragraphs 1 through 21 as if fully set forth herein.
44. As a result of Defendants' intentional acts, Plaintiff VICKI SYLVESTER has suffered and continues to suffer emotional distress and other diminishments of Plaintiff VICKI SYLVESTER's quality of life.
45. Plaintiff, VICKI SYLVESTER is entitled to his attorney fees.

## XI. COUNT EIGHT
## (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

46. Plaintiff VICKI SYLVESTER repeats and realleges all previous paragraphs with the same force and effect as if the same were set forth more fully at length herein.

47. As a result of Defendants' negligent acts, Plaintiff VICKI SYLVESTER has suffered and continues to suffer emotional distress and other diminishments of Plaintiff VICKI SYLVESTER's quality of life.

## XII. COUNT NINE
## (INJUNCTION)

48. Plaintiff MERLE SYLVESTER repeats and realleges all paragraphs 1-21 with the same force and effect as if the same were set forth more fully at length herein.

49. As a result of Defendants' conduct, MERLE SYLVESTER faces the likelihood of substantial and immediate, irreparable harm.

50. Plaintiff's MERLE SYLVESTER remedies at law are insufficient to protect her from future harm.

51. Plaintiff seeks an injunction requiring each of the Defendants to permanently cease and desist the dissemination of credit information that is inaccurate or obsolete.

## VII. DEMAND FOR JURY TRIAL

52. Plaintiff demands trial by jury on all issues so triable.

## VIII. CLAIM FOR RELIEF

WHEREFORE, Plaintiff MERLE SYLVESTER and VICKI SYLVESTER seek judgment in their favor and damages against the Defendants, based on the following requested relief:

a. Actual damages;
b. Statutory damages;
c. Punitive damages;
d. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n, 1681o;
e. An order directing the Defendants immediately delete all of the inaccurate information from Plaintiff MERLE SYLVESTER's credit reports and files, and cease

reporting the inaccurate information to any and all person and entities to whom they report consumer credit information;

f. An order directing the Defendants to send to all persons and entities to whom they have reported Plaintiff's MERLE SYLVESTER inaccurate information within the last year Plaintiff's updated and corrected credit report information;

g. An order directing that Defendants to compensate the Plaintiffs MERLE SYLVESTER and VICKI SYLVESTER for the humiliation caused by the Defendants' unlawful treatment in an amount to be determined at trial;

h. Such other and further relief as may be necessary, just, and proper.

Respectfully submitted,

Christine S. Hansley, Esq.
Fla. Bar No. 732151
C.S. Hansley Law Firm, LLC.
283 Cranes Roost Boulevard
Suite 111
Altamonte Springs, FL 32701
Telephone: (877)-616-9589
Facsimile: (407)-567-7630
Attorney for Plaintiff

9

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA            )
                            ) ss
COUNTY OF BREVARD           )

Pursuant to 28 U.S.C. § 1746, Plaintiff Merle Sylvester, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___Feb.___ ___24___, ___2012___
              Month      Day      Year

___Merle D. Sylvester___
Signature

10

## **VERIFICATION OF COMPLAINT AND CERTIFICATION**

STATE OF FLORIDA           )
                           ) ss
COUNTY OF BREVARD          )

Pursuant to 28 U.S.C. § 1746, Plaintiff Vicki Sylvester, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

8. I am a Plaintiff in this civil proceeding.
9. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
10. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
11. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
12. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
13. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
14. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___Feb.___ ___24___, ___2012___
               Month       Day       Year

___Vicki Sylvester___
Signature

11