**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MERLE SYLVESTER and
VICKI SYLVESTER,

Plaintiffs,

v. Case No. 6:12-cv-00341-GKS-DAB

GE CAPITAL RETAIL BANK f/k/a
GE MONEY BANK, LVNV FUNDING,
LCC, EXPERIAN INFORMATION
SOLUTIONS, INC., and EQUIFAX
INFORMATION SERVICES, LLC,

Defendants.
_________________________________/

**DEFENDANT GECRB RETAIL BANK f/k/a GE MONEY BANK'S**
**MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT**

GE CAPITAL RETAIL BANK f/k/a GE MONEY BANK ("GECRB"), pursuant to Rules 12(b)(6), Federal Rules of Civil Procedure, moves to dismiss the Complaint (Dkt. 1) as alleged against GECRB. In support, GECRB states as follows:

## Background

On or about March 5, 2012, Plaintiffs Merle Sylvester and Vicki Sylvester (collectively, the "Plaintiffs") filed the nine-count Complaint against GECRB and other defendants. The threadbare allegations of the Complaint assert claims under the Fair Debt Collection Practices Act (the "FDCPA," codified at 15 U.S.C. § 1692 et seq.), the Fair Credit Reporting Act (the "FCRA," codified at 15 U.S.C. § 1681, et seq.), the Florida Consumer Collections Practices Act (the "FCCPA," codified at Section 559.55 et seq., Florida Statutes), along with Florida common-

law claims for slander, intentional infliction of emotional distress ("IIED"), negligent infliction of emotional distress ("NIED"), and a final count labeled "injunction."

For the reasons set forth in this Motion, Plaintiffs fail to state a cause of claim against GECRB. The Complaint, as alleged against GECRB, should be dismissed in its entirety.

**Memorandum of Law**

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). The complaint must be written such that the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In short, Federal pleading requirements demand more than "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Textiles Morales, S.A. de C.V. v. Green Paradigm Partners, LLC*, 2011 WL 2881666, *1 (M.D. Fla. July 19, 2011) (quoting *Iqbal*, 556 U.S. at 677-78).

Count One: FCRA Claim

*Plaintiff Vicki Sylvester Lacks Standing to Assert FCRA Violation*

As a preliminary matter, Counts One though Three refer ambiguously to a "Plaintiff" without identifying whether Plaintiff Merle Sylvester or Plaintiff Vicki Sylvester asserts these claims. Although all of the factual allegation in the Complaint relate to Plaintiff Merle Sylvester, both plaintiffs claim damages in the general allegations that are incorporated into Counts One through Three. *See* Compl. at ¶¶ 19 and 20. Because the ambiguous term "Plaintiff" could apply to either of the Plaintiffs, GECRB responds as though both Plaintiffs assert Counts One through Three.

A spouse's standing to assert an FCRA violation "depends on whether the information in the consumer credit report 'relates or refers to both [spouses].'"[1] *Ashby v. Farmers Ins. Co. of Oregon*, 565 F. Supp. 2d 1188, 1202 (D. Or. 2008) (quoting *Conley v. TRW Credit Data,* 381 F.Supp. 473, 474 (N.D.Ill.1974)). That is, the credit reports at issue must relate to both spouses in order for both spouses to have standing to bring an FCRA claim. *See Barron v. Trans Union Corp.*, 82 F. Supp. 2d 1288, 1297 (M.D. Ala. 2000) (holding that wife lacked standing to join husband's claims related to several credit reports that did not relate to wife's creditworthiness). For example, if the information in a credit report references a joint account, a spouse may have standing to bring an FCRA claim. *See Ashby*, 565 F. Supp. 2d at 1202.

In this case, Plaintiff Vicki Sylvester has not alleged that any aspect of the credit reports relates to her or her creditworthiness in any way -- despite the fact that plaintiff Merle Sylvester has done so. *See* Compl. at ¶ 15. The only allegations mentioning Plaintiff Vicki Sylvester for the purpose of Count One appear in paragraph 5 and 20 of the Complaint, neither of which allege facts that would confer standing to allege an FCRA violation. For this reason, the FCRA claim as alleged by Plaintiff Vicki Sylvester must be dismissed.

*Plaintiffs Fail to State a Claim under the FCRA*

In any event, Plaintiffs fail to allege the necessary elements of an FCRA claim. First, Plaintiffs assert that GECRB violated 15 U.S.C. §§ 1681n and 1681o based on "conduct in violation of 15 U.S.C. § 1681s-2." Compl. at § 24(a). Section 1681s-2 outlines certain duties owed by a "furnisher of information" to consumers. Section 1671s-2 contains two general categories of duties, codified in subsections (a) and (b).

[1] Plaintiff Vicki Sylvester identifies "deterioration of [plaintiffs'] marriage" as a form of damage. Compl. at ¶ 20(b).

Sections 1681n and 1681o, upon which Plaintiffs rely in this count, "do not apply to violations of § 1681s-2(a)." *Antoine v. State Farm Mut. Auto. Ins. Co.*, 662 F. Supp. 2d 1318, 1327 (M.D. Fla. 2009); *see Agostinho v. Capital One Services, Inc.*, 07-20674-CIV, 2007 WL 2113602, *2 (S.D. Fla. July 23, 2007) ("a private consumer does not have a cause of action against a furnisher for violation of § 1681s-2(a)). Within this Section 1681s-2(a), subsections 1681s-2(a)(1)(A) and (B) proscribe the precise conduct that Plaintiffs describe in the Complaint: namely, reporting information to a credit reporting agency with actual knowledge of errors and reporting information after notice from a consumer and confirmation of errors. *See e.g.* Compl. at ¶¶ 13-16 (describing plaintiff Merle Sylvester's alleged attempts to dispute or correct purportedly false credit information). As a matter of law, Plaintiff cannot assert a private cause of action for these types of violations falling under Section 1681s-2(a). *See Antoine*, 662 F. Supp. 2d at 1327 (dismissing allegations of conduct falling under Sections 1681s-2(a)(1)(A) and (B) with prejudice). Accordingly, because Plaintiffs' claim for a violation of Sections 1681n and 1681o are based upon duties owed under Section 1681s-2(a), this aspect of Count One must be dismissed as a matter of law.

It follows that Plaintiffs may only assert a private cause of action with respect to a violation of Section 1681s-2(b). *See Chipka v. Bank of Am.*, 355 F. App'x 380, 383 (11th Cir. 2009); *Agostinho*, 2007 WL 2113602 at *2. Under Section 1681s-2(b), a plaintiff may bring a private cause of action only by alleging that the furnisher has received notice of the dispute *from a credit reporting agency* -- not from the consumer. *Peart v. Shippie*, 345 F. App'x 384, 386 (11th Cir. 2009) (unpublished); *Chipka*, 355 F. App'x at 383; *Agoshtinho*, 2007 WL 2113602 at *2; *Quale v. Unifund CCR Partners*, CIV.A. 09-0519-CG-M, 2010 WL 1417903, *4 (S.D. Ala. Jan. 29, 2010) (dismissing FCRA claim where plaintiff failed to allege that defendant bank

received notice of the dispute from a consumer reporting agency, as required by Section 1681s-2(b)), *report and recommendation adopted*, CIV.A. 09-519-CG-M, 2010 WL 1417907 (S.D. Ala. Mar. 30, 2010). Plaintiffs allege that they disputed certain inaccurate information with the defendants by "written communication," but fail to allege that GECRB ever received notice from a credit reporting agency. *See* Compl. at ¶13. As such, Plaintiffs fail to state a claim under Section 1681s-2(b), the only subsection of Section 1681s-2 that supports a private cause of action.

Second, Plaintiffs allege a claim under Section 1681n and 1681o based upon conduct in violation of 15 U.S.C. 1681e(b)."[2] Compl. at ¶ 24(b). Section 1681e(b), titled "Accuracy of report," applies on its face only to "consumer reporting agencies." *See also Lazarre v. JPMorgan Chase Bank, N.A.*, 780 F. Supp. 2d 1320, 1328 (S.D. Fla. 2011). Plaintiffs do not allege that GECRB is a "consumer reporting agency," and therefore cannot state a claim under Sections 1681n and 1681o based on violations of Section 1681e(b). *Compare* Compl. ¶¶ 6 and 9 (describing defendant GECRB as a furnisher of information and defendant Experian Information Solutions Inc. as a consumer reporting agency).

Because Plaintiffs fail to allege that GECRB ever received notice from a credit reporting agency (Section 1681s-2(b) claim) or that GECRB qualifies as a consumer reporting agency (Section 1681e(b) claim), Plaintiffs' FCRA claim must be dismissed for failure to state a claim.

[2] The version of the Complaint that GECRB received appears to cite to "1681(c)(b)," which does not pertain to any of the allegations in the Complaint. On the other hand, Section 1681(e)(b), titled "Accuracy of report," recites the language that Plaintiffs track in this subparagraph. GECRB is not certain if the typo is the result of electronic transmission or if it appears in the original Complaint; in any event, GECRB responds as though the proper statutory section has been cited.

Count Two: FDCPA Claim

*Plaintiff Vicki Sylvester Lacks Standing to Assert FDCPA Violation*

As discussed above, the Complaint is unclear as to which Plaintiff, or both, is or are asserting Counts One through Three. With respect to the FDCPA claim, as with the FCRA, Plaintiff Vicki Sylvester lacks standing to bring this claim.

A plaintiff under the FDCPA must establish that he or she is obligated to pay the subject debt. *See Correa v. BAC Home Loans Servicing LP*, 6:11-CV-1197-ORL-22D, 2012 WL 1142887, *5 (M.D. Fla. Apr. 6, 2012) (holding that plaintiff spouse lacked standing where he failed to show how he would be obligated under the subject loan). Again, the allegations of the Complaint discuss Plaintiff Merle Sylvester's alleged injuries attendant to credit reporting activity, but the Complaint fails to allege that any underlying obligation runs to Plaintiff Vicki Sylvester so as to confer standing to join Plaintiff Merle Sylvester's claims. As such, Count Two must be dismissed as alleged by Plaintiff Vicki Sylvester.

*Plaintiffs Fail to State a Claim under the FCRA*

A creditor is not subject to the FDCPA, which applies only to "debt collectors" as defined in the Act. *Madura v. Lakebridge Condo. Ass'n Inc.*, 382 F. App'x 862, 864-65 (11th Cir. 2010), *aff'ing Madura v. Lakebridge Condo. Ass'n Inc.*, 807-CV-02274-T-17EAJ, 2009 WL 536537 (M.D. Fla. Mar. 3, 2009); *Buckman v. Am. Bankers Ins. Co. of Florida*, 115 F.3d 892, 895 (11th Cir. 1997), *aff'ing Buckman v. Am. Bankers Ins. Co. of Florida*, 924 F. Supp. 1156, 1158 (S.D. Fla. 1996); *see also Quale*, 2010 WL 1417903 at *3. Not only do Plaintiffs fail to allege that

GECRB qualifies as a debt collector subject to the FDCPA, Plaintiffs' own allegations establish that GECRB is instead Plaintiffs' creditor. *See* Compl. at ¶¶ 6 and 31.[3]

In paragraph 6, Plaintiffs allege that GECRB is a "creditor within the meaning of Fla. Stat. § 559.55(6)," which defines the term "debt collector" to include a creditor "using any name other than her or his own which would indicate that a third person is collecting or attempting to collect such debt." This state law definition clearly does not apply to the FDCPA, and therefore the FDCPA claim should be dismissed because the Complaint itself establishes that GECRB is a creditor and not a "debt collector" under the FDCPA. In any event, to the extent Plaintiffs suggest that GECRB can be both a creditor and a "debt collector" under the FDCPA (not the FCCPA), GECRB requests a more definite statement under Rule 12(e), Federal Rules of Civil Procedure, explaining the legal basis for Plaintiffs' FDCPA claim given Plaintiffs' repeated admissions that GECRB is a creditor, to whom the FDCPA does not apply. *See Madura*, 382 F. App'x at 864-65 (11th Cir. 2010); *Buckman*, 115 F.3d at 895.

Based on the foregoing authority, GECRB believes that all federal claims should be dismissed. Accordingly, as no federal claim remains, this Court may dismiss the remaining state-law claims without reaching the sufficiency of the pleadings because "[i]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Monilisa Collection, Inc. v. Clarke Products, Inc.*, 6:11-CV-360-ORL-31, 2011 WL 2893630, *2 (M.D. Fla. July 20, 2011).

---

[3] Although paragraph 31, which alleges that GECRB is a creditor, appears in the FCCPA claim, the FDCPA and FCCPA contain virtually identical definitions of a "creditor." *Compare* Fla. Stat. § 559.55(3) *with* 15 U.S.C. § 1692a(4).

In the event this Court retains jurisdiction over the pendent state law claims, GECRB responds to those claims as follows.

Count Three: FCCPA Claim

*Plaintiff Vicki Sylvester Lacks Standing to Assert FCCPA Violation*

As with Counts One and Two, to the extent Count Three alleges violation of the FCCPA on behalf of Plaintiff Vicki Sylvester, the Complaint does not allege that Plaintiff Vicki Sylvester was obligated to pay any of the debts disputed by Plaintiff Merle Sylvester. *See Belin v. Litton Loan Servicing, LP*, 8:06CV760 T24EAJ, 2006 WL 1992410, *7 (M.D. Fla. July 14, 2006) (dismissing FCCPA allegations where plaintiffs did not allege an obligation to pay the subject loan).

*Plaintiffs' FCCPA Claim is Preempted by Federal Law*

Should Plaintiffs' FCRA claim remain pending, it preempts certain state law claims. For example, Plaintiffs' FCCPA claim does not allege any new facts that are not also incorporated into the previous federal claims. The FCRA preempts state law claims to the extent they involve acts of credit reporting. *See* 15 U.S.C. § 1681t(b)(1)(F) ("No requirement or prohibition may be imposed under the laws of any State . . . with respect to any subject matter regulated under . . . section 1681s-2 of this title"); *Menashi v. Am. Home Mortg. Servicing, Inc.*, 8:11-CV-1346-T-23EAJ, 2011 WL 4599816, **2-3 (M.D. Fla. Oct. 4, 2011); *Osborne v. Vericrest Fin., Inc.*, 8:11-CV-716-T-30TBM, 2011 WL 1878227, **2-3 (M.D. Fla. May 17, 2011) (granting motion to dismiss "to the extent that the FCCPA claim is premised on credit reporting activity"). Plaintiffs assert claims under the FCRA, specifically, section 1681s-2. *See* Compl. § 24.

The allegations underlying the FCCPA claim are identical to those incorporated in and underlying Plaintiffs' FCRA claim. To the extent the FCRA claim is permitted to stand, it

preempts Plaintiffs' FCCPA claim as a matter of law because all factual allegations in the Complaint relate to credit reporting.

Count Four: Slander

Unlike the preceding claims, Count Four is limited on its face to Plaintiff Merle Sylvester. To the extent plaintiff Vicki Sylvester attempts to join Plaintiff Merle Sylvester's claim, Plaintiff Vicki Sylvester lacks standing and has failed to allege any of the elements of this cause of action.

With respect to Plaintiff Merle Sylvester's claims, the conclusory legal statements in Count Four fall far short of *Iqbal*'s pleading requirements. Slander requires a plaintiff to allege "(1) a false and defamatory statement of and concerning the plaintiff; (2) an unprivileged publication to a third party; (3) fault on the part of the publisher; and (4) damages." *Carroll-Brufsky v. E.W. Scripps Co.*, 2:11-CV-500-FTM-99, 2012 WL 1165334, *2 (M.D. Fla. Apr. 9, 2012). Plaintiff Merle Sylvester has failed to identify the allegedly slanderous statements or the facts surrounding its publication to satisfy *Iqbal*'s pleading standard. *See Carroll-Brufsky*, 2012 WL 1165334 at *2 (finding plaintiff's pleading insufficient under *Iqbal* where plaintiff failed to allege the basic elements and facts sufficient to make the claim plausible, including specifying the false and defamatory statement).

Count Five: IIED (Merle Sylvester)

*Plaintiff Merle Sylvester Fails to Allege Outrageous Conduct as a Matter of Law*

Count Five, which asserts IIED on behalf of Plaintiff Merle Sylvester, does not identify any conduct sufficiently egregious to state a claim as a matter of law. Florida courts recognize IIED "only in the most outrageous circumstances"; the conduct must be so extreme in degree "as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly

intolerable in a civilized society." *McNichols v. Miami-Dade County*, 02-23034-CIV, 2006 WL 1104336, *18 (S.D. Fla. Mar. 24, 2006) (quoting *Habelow v. Traveler's Ins. Co.*, 389 So.2d 218, 220 (Fla. 5th DCA 1980) and *Metropolitan Life Ins. Co. v. McCarson*, 467 So.2d 277, 278 (Fla.1985), respectively); *see Golden v. Complete Holdings, Inc.*, 818 F. Supp. 1495, 1499 (M.D. Fla. 1993) ("Florida case law on the subject has evinced a comparatively high standard"). Whether or not conduct is extreme and outrageous enough to withstand a motion to dismiss is purely a question of law for the court. *McNichols*, 2006 WL 1104336 at *18 (citing *Vance v. Southern Bell Telephone*, 983 F.2d 1573 (11th Cir.1993)); *Decius v. Nat'l Serv. Indus., Inc.*, 01-8320-CIV, 2001 WL 1621924, *2 (S.D. Fla. Nov. 1, 2001).

For example, the Middle District has held that the alleged wrongful foreclosure of a plaintiff's home was, as a matter of law, insufficient to state a claim for IIED, and was dismissed with prejudice. *Foxx v. Ocwen Loan Servicing, LLC*, 8:11-CV-1766-T-17EAK, 2012 WL 2048252, *1, *8 (M.D. Fla. June 6, 2012). The Middle District court explained, "To be plain, the tort of intentional infliction of emotional distress contemplates behavior of the rare, exceptional sort, and this case is simply not of that ilk." *Id.* at *8.

More on point, in *Moore v. Beneficial Nat. Bank USA*, the Middle District of Alabama squarely held that "improper collection and repossession efforts *coupled with a filing of an adverse report with a credit bureau which caused the plaintiff adverse credit consequences and embarrassment* do not rise to the level of extreme behavior encompassed by the tort of outrageous conduct." 876 F. Supp. 1247, 1261 (M.D. Ala. 1995) (emphasis added). The court dismissed the plaintiff's IIED claim as a matter of law. *Id.*

As in *Moore*, the allegations in the Complaint relate to consumer credit reporting and fall drastically short of the requisite degree of outrageousness that would support a claim for IIED. Count Five should be dismissed as a matter of law.

*Plaintiff Merle Sylvester Fails to Plead Sufficiently the Elements of IIED*

To the extent the Complaint states merely legal conclusion regarding the elements of IIED, the Complaint should be dismissed for failing to meet *Iqbal*'s pleading standards. *See Nettles v. City of Leesburg--Police Dept.*, 415 F. App'x 116, 122 (11th Cir. 2010), *cert. denied*, 131 S. Ct. 3083, 180 L. Ed. 2d 888 (U.S. 2011).

Count Six: NIED (Merle Sylvester)

Under Florida law, a plaintiff asserting NIED must allege different facts depending on whether or not a physical impact occurred:

> Under Florida's Impact Rule, to recover damages for mental or emotional distress for a negligence claim, the injury must flow from a physical injury or physical impact. If the plaintiff has suffered a physical impact from an external force, then the impact rule does not apply. However, if the plaintiff never suffered an impact, the mental or emotional distress, must be manifested by physical injury, and the plaintiff must suffer this physical injury within a short time of the incident.

*Jenks v. Naples Cmty. Hosp., Inc.*, 829 F. Supp. 2d 1235, 1257 (M.D. Fla. 2011) (internal citations omitted); *see also Elliott v. Elliott*, 58 So. 3d 878, 881 (Fla. 1st DCA 2011) ("If the plaintiff suffers an impact, he or she is permitted recovery for the emotional distress flowing from the incident in which the impact occurred; if the plaintiff has not suffered an impact, the mental distress must be manifested by a discernable physical injury, the plaintiff must have been involved in the incident which involved a closely-related person, and the plaintiff must suffer the physical injury within a short time after the incident"), *reh'g denied* (Mar. 18, 2011).

Plaintiff Merle Sylvester does not allege any physical impact involved in the credit reporting claims. Under the no-impact NIED pleading requirements, Plaintiff Merle Sylvester

has failed to allege that emotional distress caused physical injury, and that the physical injury manifested itself a short time from the allegedly negligent acts of credit reporting. Accordingly, Count Six fails to state a claim for NIED.

Count Seven: IIED (Vicki Sylvester)

*Plaintiff Vicki Sylvester Fails to Allege Outrageous Conduct as a Matter of Law*

In Count Seven, Plaintiff Vicki Sylvester alleges IIED against the defendants. GECRB incorporates the argument and authority discussed above to establish that the conduct alleged in the Complaint cannot, as a matter of law, rise to the level of outrageous conduct supporting a claim for IIED. *See supra* pp. 9-11.

*Plaintiff Vicki Sylvester Lacks Standing to Assert IIED*

In addition, Plaintiff Vicki Sylvester cannot state a claim for IIED because every factual allegation in the Complaint involves conduct directed toward Plaintiff Merle Sylvester. In order to state a claim for IIED, a plaintiff must allege that the outrageous conduct was directed at the plaintiff. *See Baker v. Fitzgerald*, 573 So. 2d 873 (Fla. 3rd DCA 1990) ("Appellant's claim for intentional infliction of emotional distress fails because there was no showing of outrageous conduct directed at appellant herself"); *Habelow v. Travelers Ins. Co.*, 389 So. 2d 218, 220 (Fla. 5th DCA 1980) ("In all cases we have found in Florida recognizing the tort of intentional infliction of emotional distress, the plaintiff was the recipient of the insult or abuse, or the message was clearly directed at the plaintiff through a third person"). No allegation in the Complaint indicates that any conduct was directed toward Plaintiff Vicki Sylvester whatsoever. Count Seven should therefore be dismissed.

Count Eight: NIED (Vicki Sylvester)

Count Eight alleges NIED on Plaintiff Vicki Sylvester's behalf. GECRB incorporates its argument addressing Plaintiff Merle Sylvester's NIED claim because Plaintiff Vicki Sylvester also fails to allege that she suffered a physical injury resulting from emotional distress and that the physical injury manifested itself a short time from the allegedly negligent acts of credit reporting. *See supra* pp. 11-12.

In addition to the pleading deficiencies identified above, Plaintiff Vicki Sylvester has not alleged any conduct directed toward her that would support a cause of action.

Count Nine: Injunction (Merle Sylvester)

Finally, this Court should dismiss Count Nine, styled "Injunction," because it fails to state a claim. The Eleventh Circuit has repeatedly stated that "[t]here is no such thing as a suit for a traditional injunction in the abstract." *Alabama v. U.S. Army Corps of Engineers*, 424 F.3d 1117, 1127 (11th Cir. 2005) (quoting *Klay v. United Healthgroup, Inc.* 376 F.3d 1092, 1097 (11th Cir.2004)). In other words, "an injunction is not a cause of action but a remedy." *Pierson v. Orlando Reg'l Healthcare Sys., Inc.*, 619 F. Supp. 2d 1260, 1288 (M.D. Fla. 2009), *aff'd*, 451 F. App'x 862 (11th Cir. 2012); *see also Alabama*, 424 F.3d at 1127 (quoting *Klay*, 376 F.3d at 1098, explaining that an injunction is a "remedy potentially available only after a plaintiff can make a showing that some independent legal right is being infringed— if the plaintiff's rights have not been violated, he is not entitled to any relief, injunctive or otherwise").

Therefore, to seek injunctive relief, a plaintiff must allege a predicate cause of action that would, on its own, withstand a motion to dismiss for failure to state a claim. *Klay*, 376 F.3d at 1097-98. A plaintiff cannot escape dismissal by arguing that its independent claim for injunctive relief is simply an alternative remedy to the remedies it seeks in connection with its substantive

claims. *See Duru v. HSBC Bank Nevada, N.A.*, 08-61133-CIV-COHN, 2009 WL 1410472, *2 (S.D. Fla. May 20, 2009), *aff'd sub nom. Duru v. HSBC Card Services, Inc.*, 411 F. App'x 240 (11th Cir. 2011).

Count Nine does not identify a predicate cause of action that would entitle Plaintiffs to injunctive relief, and therefore Count Nine must be dismissed because there is no such thing as a claim for "injunction" in the abstract. *See Alabama* 424 F.3d at 1117; *Klay*, 376 F.3d at 1097.

WHEREFORE, GECRB respectfully requests that this Court dismiss the Complaint as alleged against GECRB.

Respectfully submitted,

/s/ Patrick Chidnese
Natalie P. Thomas, Esq.
Florida Bar No. 147680
natalie.thomas@hklaw.com
Patrick Chidnese, Esq.
Florida Bar No. 089783
patrick.chidnese@hklaw.com
HOLLAND & KNIGHT LLP
P. O. Box 1288
Tampa, FL 33601
Tel: (813) 227-8500
Fax: (813) 229-0134

Attorneys for Defendant GECRB Retail Bank f/k/a GE Money Bank

**CERTIFICATE OF SERVICE**

I hereby certify that on July 23, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send an electronic notification to all counsel of record.

/s/ Patrick Chidnese
Attorney