**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MERLE SYLVESTER and VICKI SYLVESTER,**

        **Plaintiffs,**

-vs-                                                    Case No. 6:12-cv-341-Orl-31TBS

**GE CAPITAL RETAIL BANK f/k/a GE MONEY BANK, LVNV FUNDING, LLC, EXPERIAN INFORMATION SOLUTIONS, INC. and EQUIFAX INFORMATION SERVICES, LLC,**

        **Defendant.**

## ORDER

This cause comes before the Court on a Motion to Dismiss (Doc. 36) filed by Defendant GE Capital Retail Bank, f/k/a GE Money Bank ("GECRB"). Plaintiffs have not responded to this motion, nor did they respond to another motion to dismiss filed by Defendant Equifax on June 20, 2012.

Plaintiffs brought this Fair Credit Reporting Act ("FCRA") and Fair Debt Collection Practices Act ("FDCPA") case on March 5, 2012 asserting nine Counts against four Defendants. Each claim arises out of Defendants' alleged failure to accurately report Plaintiff Merle Sylvester's ("Sylvester") credit history. Although the Complaint is vague about the specific debt with which this suit is concerned, Sylvester was "the subject of collection efforts and credit reporting" arising from a debt that he disputes. (Doc. 1, ¶ 12). He claims that Defendants violated the FDCPA, the FCRA, the Florida Consumer Collection Practices Act ("FCCPA"), and various common law

duties in collecting and reporting the disputed debt. Specifically, Plaintiffs assert the following claims: violation of the FCRA, 15 U.S.C. § 1681 et seq. (Count I); violation of the FDCPA, 15 U.S.C. § 1692 et seq. (Count II); violation of the FCCPA, Fla. Stat. § 559.55 et seq. (Count III); slander (Count IV); intentional infliction of emotional distress with respect to Plaintiff Merle Sylvester (Count V); negligent infliction of emotional distress with respect to Plaintiff Merle Sylvester (Count VI); intentional infliction of emotional distress with respect to Plaintiff Vicki Sylvester (Count VII); negligent infliction of emotional distress with respect to Plaintiff Vicki Sylvester (Count VIII); and "injunction" (Count IX). GECRB now moves to dismiss each count against it.

**I. Standard**

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the Plaintiff, *see, e.g.*, *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994), and must limit its consideration to the pleadings and any exhibits attached thereto. Fed. R. Civ. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). However, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.' " *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing Fed. R. Civ. P. 8(a)). This is a

liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr.for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). However, a plaintiff's obligation to provide the grounds for his or her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-555 (2007). The complaint's factual allegations "must be enough to raise a right to relief above the speculative level," *Id.* at 555, and cross "the line from conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950-1951 (2009).

## II. Analysis

As an initial matter, GECRB points out that the statutory claims (Counts I-III) refer only to "Plaintiffs" without identifying which Plaintiff asserts which claim. The factual allegations allege only that Merle Sylvester suffered harm to his credit. There are no allegations that Vicki Sylvester was similarly effected–necessary for a FCRA claim. *See Barron v. Trans Union Corp.*, 82 F. Supp 2d 1288, 1297 (M.D. Ala. 2000). Further, there are no allegations that she was obligated to pay the subject debt–necessary for the FDCPA and FCCPA claims. *See Correa v. BAC Home Loans Servicing LP*, 6:11-cv-1197-ORL-22TBS, 2012 WL 1142887 at *5 (M.D. Fla. Apr. 6, 2012) (FDCPA); *Belin v. Litton Loan Servicing, LP*, 8:6-cv-760-T-24EAJ, 2006 WL 1992410 at *7 (M.D. Fla. July 14, 2006) (FCCPA). Accordingly, Counts I, II, and III will be dismissed to the extent they assert statutory claims on behalf of Vicki Sylvester.

### A. Count I - FCRA Claim

Plaintiffs purport to state a cause of action under 15 U.S.C. § 1681s-2 and §§ 1681n and 1681o–which address civil liability for willful and negligent noncompliance. Section 1681s-2 is

divided into several subsections, only one of which provides a private right of action for consumers. According to Section 1681s–2(c), §§ 1681n and *o*, do not apply to violations of § 1681s–2(a). Section 1681s–2(a) "may be enforced exclusively as provided under § 1681s by the Federal agencies and officials and the State officials identified therein. In other words, there is no private right of action under 15 U.S.C. § 1681s–2(a)(1)(A) and (B)." *Antoine v. State Farm Mut. Auto. Ins. Co.*, 662 F. Supp. 2d 1318, 1327 (M.D. Fla. 2009); *see also Chipka v. Bank of America*, 355 F. App'x 380, 383 (11th Cir. 2009) ("Congress . . . expressly reserved enforcement of subsection (a) to governmental agencies and officials, thereby limiting a consumer's private cause of action against a furnisher of credit information to violations of § 1681s-2(b)." (citing § 1681s-2(c)-(d)). Accordingly, Plaintiffs cannot state a cause of action under § 1681s-2(a).

Plaintiffs also fail to state a claim under Section 1681s-2(b). Section 1681s-2(b) provides a cause of action to consumers only where the alleged violator received notice from a "credit reporting agency" that there is a "dispute with regard to the completeness or accuracy of any information." 15 U.S.C. § 1681s-2(b); *Chipka*, 355 F. App'x at 383. The Complaint, however, does not allege that GECRB ever received such notice. It alleges only that Plaintiff disputed the inaccurate information directly with GECRB. This is insufficient to state a claim under 15 U.S.C. § 1681s-2(b).

GECRB also moves to dismiss Count I to the extent it asserts a cause of action under Section 1681e(b).[1] This section states, "[w]henever a consumer reporting agency prepares a

---

[1] Although the Complaint cites "Section 1681c (b)," GECRB assumes that Plaintiffs intended to cite 1681e (b). Since Plaintiffs have not responded to the Motion, the Court can only guess which section was intended. Section 1681 c(b) does not relate to the factual allegations in this case at all, it merely sets out "exempted cases" for certain types of consumer credit reports. Section 1681e(b),

consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. §1681e(b). On its face, Section 1681e(b) applies only to "consumer reporting agencies," which are defined in Section 1681a as "any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports." Plaintiffs do not allege that GECRB is a consumer reporting agency, only that it "furnishes information to consumer reporting agency." (Doc. 1, ¶ 6). Accordingly, Plaintiffs fail to state a cause of action against GECRB under Section 1681e(b).

### B. Count II - FDCPA Claim

Plaintiffs attempt to state a cause of action under 15 U.S.C. §1692e which prohibits "debt collectors" from making false or misleading representations in connection with the collection of any debt. The factual allegations in the Complaint–which are vague at best–establish only that GECRB was a creditor. Section 1692a defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Also included in the definition, however, is "any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts."

---

however, tracks the language in the Complaint related to the "accuracy" of Plaintiff's credit report. Thus, the Court will assume that Plaintiffs intended to cite 1681e(b).

There are no allegations in the Complaint to support an inference that GECRB falls within this definition. Accordingly, Count II will be dismissed as to GECRB.[2]

### C. Count III - FCCPA

GECRB moves to dismiss this Count solely on the basis that it is pre-empted by the FCRA. Pursuant to 15 U.S.C. §1681t(b)(1)(F), state laws are pre-empted "with respect to any subject matter regulated under . . . (F) section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies." On its face, Count III appears to be based solely on violations preempted by the FCRA. Accordingly, GECRB's motion will be granted with respect to Count III. *See Osborne v. Vericrest Financial, Inc.*, 8:11-cv-716-T-30TBM, 2011 WL 1878227 at **2-3 (M.D. Fla. May 17, 2011).

### D. Count IV - Slander

To state a cause of action for libel or slander under Florida law, a plaintiff must allege: (1) a false and defamatory statement of and concerning the plaintiff; (2) an unprivileged publication to a third party; (3) fault on the part of the publisher; and (4) damages. *Carroll-Brufsky v. E.W. Scripps Co.*, 2:11-CV-500-FTM-99, 2012 WL 1165334 at *2 (M.D. Fla. Apr. 9, 2012). GECRB moves to dismiss this Count, citing *Iqbal*, on the basis that Plaintiffs fail to identify the slanderous statements or that facts surrounding its publication. Plaintiffs allege, *inter alia*, that Defendants

---

[2] Having dismissed the two federal claims, GECRB points out that the Court may dismiss the pendant state law claims. *Monilisa Collection, Inc. v. Clarke Products, Inc.*, No. 6:11-cv-360-Orl-31GJK, 2011 WL 2893630 at *3( M.D. Fla. July 20, 2011). There are, however, several other Defendants in this case who have yet to respond, and the federal claims do not appear to be "immaterial and made solely for the purpose of obtaining jurisdiction." *Bell v. Hood*, 327 U.S. 678, 682–83, 66 S.Ct. 773, 90 L.Ed. 939 (1946). Accordingly, GECRB's Motion to dismiss the state law claims for lack of subject matter jurisdiction will be denied at this time.

"disseminated credit reports" containing inaccurate information about Plaintiff's credit history. While the Complaint consists largely of vague general allegations, taken in a light most favorable to Plaintiffs, and for the purposes of a motion to dismiss, it adequately states a claim for slander.

### E. Counts V and VII - Intentional Infliction of Emotional Distress

Plaintiffs assert two claims for IIED, one for each Plaintiff. In Florida, the tort of intentional infliction of emotional distress requires the Plaintiff to prove the following elements: (1) The wrongdoer's conduct was intentional or reckless, that is, he intended his behavior and he knew or should have known that emotional distress would likely result; (2) the conduct was outrageous, that is, to go beyond all bounds of decency, and to be regarded as odious and utterly intolerable in a civilized community; (3) the conduct caused emotional distress; and (4) the emotional distress was severe. *LeGrande v. Emmanuel*, 889 So.2d 991, 994 (Fla. 3d DCA 2004). Plaintiffs in this case fail to state a cause of action because, as this Court has noted, Florida courts use a very high standard in evaluating whether the facts alleged are sufficiently outrageous, requiring that the conduct be "beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Frias v. Demings*, 823 F. Supp. 2d 1279, 1288 (M.D. Fla. 2011) (citing *Metro. Life Ins. Co. v. McCarson,* 467 So.2d 277, 278–279 (Fla.1985)). This is plainly not such a case.

### F. Counts VI and VIII - Negligent Infliction of Emotional Distress

Similarly, Plaintiffs assert two Counts for NIED, one for each Plaintiff. To sustain a cause of action for NIED under Florida law, a plaintiff must allege either a physical injury, or physical impact. *Jenks v. Naples Cmty. Hosp., Inc.*, 829 F. Supp. 2d 1235, 1257 (M.D. Fla. 2011); *Freese v. Wuesthoff Health System, Inc.*, No. 6:6-cv-175-Orl-31JGG, 2006 WL 1382111 at *9 (M.D. Fla.

May 19, 2006); *Willis v. Gami Golden Glades, LLC*, 967 So. 2d 846, 850 (Fla. 2007). Plaintiffs have not alleged that they suffered any physical injury or impact, nor is such an impact or injury plausible given the factual allegations as they currently stand.

### G. Count IX - Injunction

An injunction is a remedy, not a cause of action. "There is no such thing as a suit for a traditional injunction in the abstract. For a traditional injunction to be even theoretically available, a plaintiff must be able to articulate a basis for relief that would withstand scrutiny under Fed.R.Civ.P. 12(b)(6)." *Alabama v. U.S. Army Corps of Engineers*, 424 F.3d 1117, 1127 (11th Cir. 2005) (citing *Klay v. United Healthgroup, Inc.* 376 F.3d 1092, 1097 (11th Cir.2004)). Accordingly, Defendant's Motion will be granted with respect to Count IX.

In light of the foregoing, it is

**ORDERED** that Defendant's Motion (Doc. 36) is **GRANTED in part and DENIED in part**. With respect to Defendant GECRB, Counts I, II, and III are **DISMISSED without prejudice**, Counts V, VI, VII, VIII and IX are **DISMISSED with prejudice**. Defendant's Motion is **DENIED** with respect to Count IV.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on August 14, 2012.

Copies furnished to:

Counsel of Record
Unrepresented Party

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE