**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

MERLE SYLVESTER and
VICKI SYLVESTER,

    Plaintiffs,

v.                                              Case No. 6:12-cv-00341-GKS-DAB

GE CAPITAL RETAIL BANK f/k/a
GE MONEY BANK, LVNV FUNDING,
LCC, EXPERIAN INFORMATION
SOLUTIONS, INC., and EQUIFAX
INFORMATION SERVICES, LLC,

    Defendants.

_____/

**DEFENDANT GECRB RETAIL BANK f/k/a GE MONEY BANK'S
MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF LAW**

Defendant GE Capital Retail Bank f/k/a GE Money Bank ("GECRB"), pursuant to Rule 56, Federal Rules of Civil Procedure, moves for summary judgment on the only remaining claim asserted against GECRB, Count IV of the Complaint for slander (Dkt. 1), because this claim is preempted by federal law.

**Background**

On March 5, 2012, Plaintiffs Merle Sylvester and Vicki Sylvester (collectively, "Plaintiffs") filed the nine-count Complaint against GECRB and the other defendants.[1] The threadbare allegations of the Complaint asserted claims under the Fair Debt Collection Practices Act (the "FDCPA," codified at 15 U.S.C. § 1692 et seq.), the Fair Credit Reporting Act (the

---

[1] All other defendants in this matter settled with Plaintiffs and have been dismissed from this case. (Dkts. 41, 44, and 46.) GECRB, which instead elected to test the merits of Plaintiffs' baseless claims, is now the only party before the Court on Plaintiffs' sole remaining claim for state-law slander.

"FCRA," codified at 15 U.S.C. § 1681 et seq.), the Florida Consumer Collections Practices Act (the "FCCPA," codified at Section 559.55 et seq., Florida Statutes), along with Florida common-law claims for slander, intentional infliction of emotional distress ("IIED"), negligent infliction of emotional distress ("NIED"), and a final count labeled "injunction."  GECRB filed a Motion to Dismiss (Dkt. 36) each of the nine counts in the Complaint on July 23, 2012.  Plaintiffs did not file any response.

By Order dated August 14, 2012 (Dkt. 38, the "Order"), the Court dismissed Plaintiffs' federal claims (Counts I, II, and III) without prejudice and dismissed five of the state-law claims (Counts V, VI, VII, VIII, and IX) with prejudice.  The only remaining claim against GECRB, Count IV, contains vague general allegations asserting state-law slander against GECRB based on credit reporting activity.

Plaintiffs, who did not respond to GECRB's Motion to Dismiss, also made no effort to amend the Complaint or otherwise correct the legal deficiencies in their dismissed claims. Pursuant to the Case Management and Scheduling Order, the deadline to amend pleadings passed on August 17, 2012.[2]  (Dkt. 31, p. 1.)  Now that discovery has been completed, and as set forth in detail below, it is clear that Plaintiffs have no legal basis by which their state-law slander claim could survive preemption by the FCRA.  Because Plaintiffs' final claim is preempted by federal law, this Court should grant summary judgment in favor of GECRB.

---

[2] Although, to date, Plaintiffs have made no effort to amend or extend the deadline to do so, in the event they ever were to seek this relief, they would first be required to establish "good cause" for their failure to amend within the deadline set by the Court.  *See McKeever v. Liberty Mut. Group Inc.*, 11-15875, 2012 WL 3535758, *1 (11th Cir. Aug. 16, 2012) (district court did not abuse its discretion in denying plaintiff's belated motion for leave to amend his complaint where plaintiff failed to establish "good cause" for leave to amend after the deadline designated in the scheduling order*); Miro, LLC v. Ass'n Cas. Ins. Co.*, 6:05-CV-193-ORL31KRS, 2006 WL 5111112, *1 (M.D. Fla. Mar. 15, 2006) (striking motion in limine filed after scheduling order deadline where no good cause for the delay was shown).

## Memorandum of Law

Plaintiffs' final claim for slander[3] involves allegations that GECRB disseminated credit reports containing inaccurate information about Plaintiff Merle Sylvester's credit history. (Dkt. 38, pp. 6-7.) This conduct falls squarely within the activities regulated by the FCRA. The FCRA contains two different provisions that preempt state-law claims. As explained in detail below, under the more recent and applicable FCRA provision, Plaintiffs' claim is completely preempted as a matter of law. Moreover, even if this Court applied the alternative outdated and inapplicable FCRA provision, Plaintiffs' claim would still be preempted because they have produced no evidence to avoid preemption. Accordingly, because Plaintiffs' claims are preempted, GECRB is entitled to summary judgment on Plaintiffs' slander claim.

## Summary Judgment Standard

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). When the moving party points out an absence of evidence on a dispositive issue for which the opposing party bears the burden of proof at trial, the opposing party must then go beyond its pleadings and come forward with evidence establishing that there is a genuine issue for trial. *S.S. v. Princeton House Charter Sch., Inc.*, 6:11-CV-1145-ORL-31, 2012 WL 5562762, *2 (M.D. Fla. Nov. 15, 2012); *Burr v. Philip Morris USA Inc.*, 8:07-CV-01429-MSS, 2012 WL 5290164, *1 (M.D. Fla. Sept. 28, 2012) ("A moving party discharges its burden on a motion for summary judgment by showing or pointing out to the Court that there is an absence of evidence to support the non-

---

[3] Plaintiffs' slander claim is limited on its face to Plaintiff Merle Sylvester. (Dkt. 1, pp. 6-7, ¶¶ 34-36.) Plaintiff Vicki Sylvester is neither mentioned in this claim nor does she otherwise have standing to assert damage to Plaintiff Merle Sylvester's credit lines. *See* Ex. B, Plaintiffs' Responses to GECRB's Interrogatories, pp. 1-2. Regardless, however, of whether the claim is asserted by Merle Sylvester alone or with Vicki Sylvester, the slander claim is preempted by the FCRA.

3

moving party's case"). The opposing party must rely on more than conclusory statements or allegations unsupported by facts. *Princeton*, 2012 WL 5562762, *2; *Hoewischer v. Sailormen, Inc.*, 3:10-CV-752-J-37MCR, 2012 WL 2865788, *4 (M.D. Fla. July 11, 2012). A mere "scintilla" of evidence supporting the opposing party's position will not suffice to avoid summary judgment. *Walker v. Darby*, 911 F.2d 1573, 1576-77 (11th Cir. 1990) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).

The FCRA's Two Preemption Provisions

As the Court has already acknowledged, Plaintiffs allege only that GECRB is a "furnisher of information," as that term is defined under the FCRA. (Dkt. 38, p. 5, citing Dkt. 1, ¶ 6.) When Congress originally enacted the FCRA in 1970, there were no duties imposed on furnishers of information. *Spencer v. Nat'l City Mortg.*, 831 F. Supp. 2d 1353, 1357 (N.D. Ga. 2011), appeal dismissed (Apr. 24, 2012); *Sigler v. RBC Bank (USA)*, 712 F. Supp. 2d 1265, 1268 n. 3 (M.D. Ala. 2010). Over twenty-five years later, Congress enacted the Consumer Credit Reporting Reform Act of 1996 (the "CCRRA"). The CCRRA established 15 U.S.C. § 1681s-2, which imposes specific duties on furnishers of information, such as requiring them to provide accurate information to credit reporting agencies, to correct and update such information, and to investigate and report disputes. *See* 15 U.S.C. § 1681s-2. As pointed out in GECRB's Motion to Dismiss, Section 1681s-2 provides a limited private right of action to a consumer. (Dkt. 36, pp. 3-5.) Plaintiffs, however, failed to satisfy the prerequisites to bring such a claim against GECRB, and the Court properly dismissed it. (Dkt. 38.) To date, Plaintiffs have made no effort to replead the dismissed FCRA claim, apparently conceding their inability to do so.

Before the CCRRA was enacted, the FCRA contained a single provision, 15 U.S.C. § 1681h(e), preempting state-law claims based on credit reporting activity. *See Carruthers v. Am.*

*Honda Fin. Corp.*, 717 F. Supp. 2d 1251, 1255 (N.D. Fla. 2010). Section 1681h(e), which remains in force, reads as follows:

> Except as provided in sections 1681n and 1681*o* of this title, no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report[] except as to false information furnished with malice or willful intent to injure such consumer.

With the enactment of the CCRRA in 1996, Congress expanded the scope of the FCRA to include furnishers of information and simultaneously created a new express source of preemption -- 15 U.S.C. § 1681t(b)(1)(F). *Spencer*, 831 F. Supp. 2d at 1358; *Sigler* at 1268 n. 3. Section 1681t(b)(1)(F) reads:

> No requirement or prohibition may be imposed under the laws of any State--
> **(1)** with respect to any subject matter regulated under--
> . . .
>     **(F)** section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies, except that this paragraph shall not apply--
>         **(i)** with respect to section 54A(a) of chapter 93 of the Massachusetts Annotated Laws (as in effect on September 30, 1996); or
>         **(ii)** with respect to section 1785.25(a) of the California Civil Code (as in effect on September 30, 1996);

Accordingly, there are now two potential statutory provisions under which Plaintiffs' claims are preempted by the FCRA. Under Section 1681h(e), which was enacted before the CCRRA established Section 1681s-2, a state-law claim will be preempted unless it involves furnishing false information with malice or willful intent to injure a consumer. Under Section 1681t(b)(1)(F), the FCRA preempts all state-law claims, regardless of whether the furnished information is false and furnished with malice or willful intent to injure. *See Sigler*, 712 F. Supp. 2d at 1269 ("Section 1681t(b)(1)(F) has been described as '"the absolute immunity provision'

5

which, if applicable, bars any state law claim based on conduct which is governed by § 1681s-2" (quoting *Gibbs v. SLM Corp.,* 336 F. Supp. 2d 1, 11 (D.Mass.2004))). Unfortunately, the question of which preemption should apply to Plaintiffs' slander claim brings this case within "a morass of muddled statutory construction" that has produced inconsistent results -- even within this District. *See Sigler*, 712 F. Supp. 2d at 1269-70 (discussing the morass); *Spencer*, 831 F. Supp. 2d at 1357-63.

As explained below, this Court should follow the cogent reasoning set forth in a number of recent cases, including decisions from this District, holding that the correct preemption provision to apply to state-law claims against a furnisher involving the furnisher's duties under the FCRA is the more recent preemption provision contained in the CCRRA at Section 1681t(b)(1)(F). Even if, however, this Court were to apply the outdated and inapplicable preemption afforded by Section 1681h(e), the slander claim is still preempted because Plaintiffs have failed to produce any evidence whatsoever to indicate that false information was furnished with malice or willful intent to injure.

<u>Section 1681t(b)(1)(F) Preempts Plaintiffs' Slander Claim</u>

Given the fact that two different provisions of the FCRA allow for preemption of state-law claims, three traditional approaches developed to resolve the problem that giving effect to one provision renders the other superfluous. Courts adopting the "total preemption approach" hold that Section 1681t(b)(1)(F) supersedes the older language in Section 1681h(e) and, as a result, all state-law claims against furnishers of information are preempted. *See Carruthers*, 717 F. Supp. 2d at 1255; *Spencer*, 831 F. Supp. 2d at 1358-59. Under the "temporal approach," claims based on actions taken after the furnisher receives notice of an inaccuracy are totally preempted under Section 1681t(b)(1)(F), and pre-notice actions are subject to preemption under

6

Section 1681h(e).  *See Carruthers*, 717 F. Supp. 2d at 1256-57; *Spencer*, 831 F. Supp. 2d at 1359-60.  Finally, the "statutory approach" applies Section1681t(b)(1)(F) to state statutory causes of action, and Section 1681h(e) to state common-law claims.  *See Carruthers*, 717 F. Supp. 2d at 1255-56; *Spencer*, 831 F. Supp. 2d at 1360-61.

In *Carruthers*, the Northern District adopted the "total preemption" approach because although it runs afoul of the "rule against superfluities," it is the correct reading of the statute, especially given that Section 1681t(b)(1)(F) was enacted over twenty-five years after Section 1681h(e).  *Carruthers*, 717 F. Supp. 2d at 1257-58.

Following *Carruthers*, an increasing number of courts in the Eleventh Circuit are adopting a fourth approach, which holds simply that there is no conflict between the preemption provisions at all.  Instead, under this view, only Section 1681t(b)(1)(F) applies to FCRA claims against *furnishers of information* involving credit reporting activity.  The cases reach this conclusion based on the plain language of Section 1681t(b)(1)(F).  *See Howard v. DirecTV Group, Inc.*, CV 109-156, 2012 WL 1850922, **5-7 (S.D. Ga. May 21, 2012); *Jackson v. Countrywide Home Loans, Inc.*, 2:11-CV-327-MEF, 2012 WL 777180, *6 (M.D. Ala. Mar. 7, 2012) ("Based upon the above-cited authorities, the Court concludes that Plaintiff's argument that § 1681h(e)'s savings clause applies over § 1681t(b)(1)(F) for Plaintiff's defamation claim (based upon duties found within § 1681 s–2(b)) is due to be rejected.  Plaintiff's defamation claim will be dismissed with prejudice"); *Spencer*, 831 F. Supp. 2d at 1361-62 (referencing *Knudson v. Wachovia Bank*, 513 F. Supp. 2d 1255, 1259 (M.D. Ala. 2007), among other cases); *Sigler*, 712 F. Supp. 2d at 1270; *see also Blackburn v. BAC Home Loans Servicing, LP*, 4:11-CV-39 CDL, 2012 WL 4049433, **6-7 (M.D. Ga. Sept. 13, 2012).  Accordingly, where a plaintiff alleges that the defendant is a furnisher of information, Section 1681t(b)(1)(F) preempts all state-law claims

7

and Section 1681h(e) simply does not apply. *Howard*, 2012 WL 1850922, *7; *Spencer*, 831 F. Supp. 2d at 1362-63.

In the end, the "total preemption" approach espoused by the Northern District and the recent "fourth approach" reach the same result: Plaintiffs' claim is barred by Section 1681t(b)(1)(F). The Middle District has not analyzed the FCRA's two preemption provisions with the same level of particularity as these other decisions, but the Middle District has nonetheless repeatedly applied Section 1681t(b)(1)(F) to preempt state-law claims against furnishers of information. *See Menashi v. Am. Home Mortg. Servicing, Inc.*, 8:11-CV-1346-T-23EAJ, 2011 WL 4599816, **1-3 (M.D. Fla. Oct. 4, 2011); *Osborne v. Vericrest Fin., Inc.*, 8:11-CV-716-T-30TBM, 2011 WL 1878227, **2-3 (M.D. Fla. May 17, 2011); *Allmond v. Bank of Am.*, 3:07-CV-186-J-33JRK, 2008 WL 205320 (M.D. Fla. Jan. 23, 2008).

In *Allmond*, the Middle District squarely held that Section 1681t(b)(1)(F) completely preempts state-law claims against furnishers of information based on allegations of "malicious slander and libel." 2008 WL 205320, *7 (M.D. Fla. Jan. 23, 2008); *accord Carruthers v. Am. Honda Fin. Corp.*, 717 F. Supp. 2d 1251, 1253-58 (N.D. Fla. 2010) ("'[Section 1681t(b)(1)(F)] is clear and unequivocal. It means what it says"). The *Allmond* court also discussed Section 1681h(e), which it referred to as a "qualified immunity" that applies to *consumer reporting agencies* unless malice or willful intent to injure the consumer is shown. 2008 WL 205320, *8. As this Court acknowledged in its Order, "Plaintiffs do not allege GECRB is a consumer reporting agency, only that it 'furnishes information to [a] consumer reporting agency.'" (Dkt. 38, p. 5.)

Finally, aligning with these Middle District decisions, this Court has already recognized the appropriate preemption provision in granting GECRB's motion to dismiss Plaintiffs' FCCPA claim on preemption grounds:

> Pursuant to 15 U.S.C. § 1681t(b)(1)(F), state laws are pre-empted "with respect to any subject matter regulated under ... (F) section 1681s–2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies." On its face, Count III appears to be based solely on violations preempted by the FCRA. Accordingly, GECRB's motion will be granted with respect to Count III. *See Osborne v. Vericrest Financial, Inc.,* 8:11–cv–716–T30TBM, 2011 WL 1878227 at ——2–3 (M.D.Fla. May 17, 2011).

(Dkt. 38, p. 6.)

Based on case law from this District, the Court's previous ruling regarding the preemption of Plaintiffs' FCCPA claim, and a plain reading of Section 1681t(b)(1)(F), the Court should grant summary judgment in favor of GECRB because Plaintiffs' slander claim based on credit reporting activity is preempted by the FCRA. This result is the only way to give effect to Section 1681t(b)(1)(F), which Congress enacted to preempt all state-law claims against furnishers of information relating to credit reporting activity.

<u>Plaintiffs' Slander Claim Is Also Preempted under Section 1681h(e)</u>

GECRB acknowledges that the existence of both of these preemption provisions has opened the door to conflicting opinions and that there are Eleventh Circuit decisions -- including Middle District decisions -- applying Section 1681h(e) to state-law claims against furnishers. *See e.g. Lee v. Sec. Check, LLC*, 3:09-CV-421-J-12TEM, 2010 WL 3075673, *5 (M.D. Fla. Aug. 5, 2010); *Parks v. Experian Credit Bureau*, 609-CV1284-ORL-19DAB, 2010 WL 457345, **3-4 (M.D. Fla. Feb. 4, 2010). At least one decision even attempts to apply both provisions at the same time. *See Nix v. Bank of Am.*, 310-CV-34-J-32TEM, 2010 WL 2330282, *2 (M.D. Fla. June 10, 2010) (citing Section 1681t(b)(1)(F) for the principle that state law claims against

9

furnishers are preempted, but then stating that Section 1681h(e) operates as an exception to Section 1681t; the court did not, however, need to address the distinction because the allegations were insufficient under either section).[4]

Importantly, even under the strained view that 1681h(e) applies, summary judgment must be granted when the plaintiff fails to come forward with evidence that the information was both false and given with malicious or willful intent to damage the consumer. *See Stroud v. Bank of Am.*, 11-22489-CIV, 2012 WL 3291992, \*\*6-7 (S.D. Fla. Aug. 13, 2012). The Middle District has held that malice or willful intent to injure requires record evidence that the defendant "knew the information was false or doubted the truth of the information." *Lee*, 2010 WL 3075673, \*5 (M.D. Fla. 2010). In this case, where discovery has been completed, it is clear that Plaintiffs have no evidence whatsoever to support a finding of falsity and malice or willful intent.

Moreover, during discovery, GECRB propounded the following interrogatory (attached as "Exhibit A"):

> 5. Do you allege that Defendant furnished false information with malice or willful intent to injure Plaintiff? Answer yes or no. If yes, describe in detail the facts and circumstances relating to your claim that Defendant furnished false information with malice or willful intent to injure Plaintiff. Include in your response the identity of all documents relating to the foregoing, as well as all individuals with personal knowledge of any of the foregoing, and state as to each such person the substance of their personal knowledge.

Ex. A, p. 8. In Plaintiffs' cursory response to GECRB's interrogatories (attached as "Exhibit B"), Plaintiffs did not answer GECRB's fifth interrogatory and, to date, have offered no explanation or good faith basis to support their allegations of malice and/or willful intent. Ex. B, p. 2.

---

[4] Furthermore, at least one decision in this District appears to have adopted the "statutory approach" described above. *See Acciard v. Whitney*, 207-CV-476-UA-DNF, 2008 WL 5120898, \*\*9-10 (M.D. Fla. Dec. 4, 2008).

In addition, in GECRB's Request for Production of Documents (attached as "Exhibit C"), GECRB specifically requested "[a]ll [d]ocuments relating to or supporting any allegation that Defendant furnished false information with malice or willful intent to injure" the Plaintiffs. Ex. C at 4. In responding to this request, Plaintiffs produced absolutely no evidence of requisite malicious or willful intent that is required in order to satisfy Section 1681h(e)'s preemption exception.

Because Plaintiffs have not produced any evidence by which their slander claim would survive preemption even if Section 1681h(e) applies, GECRB is entitled to summary judgment on Plaintiffs' slander claim as a matter of law. *See Stroud*, 2012 WL 3291992, *7 ("Stroud's defamation claim must fail because he has submitted no evidence that the information was inaccurate or that BOA acted with malice or willful intent").

WHEREFORE, GECRB respectfully requests that this Court issue an order granting summary judgment in favor of GECRB on the grounds that Plaintiffs' final claim for slander under Florida law is preempted by the FCRA.

Respectfully submitted,

/s/ Patrick Chidnese
Natalie P. Thomas, Esq.
Florida Bar No. 147680
Patrick Chidnese, Esq.
Florida Bar No. 089783
HOLLAND & KNIGHT LLP
P. O. Box 1288
Tampa, FL 33601
Tel: (813) 227-8500
Fax: (813) 229-0134
natalie.thomas@hklaw.com
patrick.chidnese@hklaw.com

Attorneys for Defendant GECRB Retail Bank f/k/a GE Money Bank

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 30, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send an electronic notification to all counsel of record.

/s/ Patrick Chidnese
Attorney

#11849414_v1