UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
Orlando Division

MERLE SYLVESTER and VICKI SYLVESTER
        Plaintiff,

vs.

GE CAPITAL RETAIL BANK f/k/a GE MONEY BANK, et al.
        Defendants.
_____/

Case No: 12-cv-00341-GAP-GJK

**PLAINTIFF MERLE SYLVESTER'S RESPONSE AND MEMORANDUM OF LAW IN IN OPPOSITION TO DEFENDANT GE CAPITAL RETAIL BANK'S f/k/a GE MONEY BANK MOTION FOR SUMMARY JUDGMENT**

COMES NOW Plaintiff MERLE SYLVESTER'S, by and through its undersigned counsel, and pursuant to Rule 56 of the Federal Rules of Civil Procedure hereby files his Response and Memorandum of Law in Opposition to Defendant GE CAPITAL RETAIL BANK'S f/k/a GE MONEY BANK'S Motion for Summary Judgment:

**INTRODUCTION**

Prior to the institution of this action, Plaintiff, VICKI SYLVESTER (Mrs. Sylvester") opened a credit card account with GE CAPITAL RETAIL BANK f/k/a GE MONEY BANK formerly known as GE Money Bank. MERLE SYLVESTER ("Mr. Sylvester") was added as an authorized user to the account. As an authorized user, Mr. Sylvester was not obligated to repay this debt to GECRB. Subsequently, Mrs. Sylvester filed a Chapter 7 Bankruptcy in the United States Bankruptcy Court for the Middle District of Florida whereas her debt to GECRB was discharged ("discharged debt"). See Order of Discharge, *Exhibit A*. Following the discharge, Mr. Sylvester was the subject of numerous collection efforts and credit reporting concerning the discharged debt by Defendant GE Capital Retail Bank F/K/A GE Money Bank (GECRB). Despite the discharge of the debt, GECRB continually called Mr. Sylvester attempting to collect on the discharged debt. During the phone calls Mr. and Mrs. Sylvester both continually disputed the debt with GECRB and requested that GECRB cease and desist all calls. Mr. Sylvester and

his representatives also disputed the debt in writing to GECRB and with the credit reporting agencies Experian and Equifax.  See *Complaint ¶ 13 and Exhibits B - E.*  In response to Plaintiffs' disputes and request to cease and desist their collection attempts, GECRB advised Mr. and Mrs. Sylvester that they would stop calling and look into the matter.  Notwithstanding Mr. Sylvester's disputes, GECRB continued to report the discharged debt on Mr. Sylvester's credit reports.  Additionally GECRB disseminated the false derogatory information that Mr. Sylvester owed a debt to GECRB to credit reporting agencies, Experian Information Solutions, Inc. (hereinafter "Experian"), and Equifax Information Services, LLC (hereinafter "Equifax".) See *Exhibits F – G.*  Based on correspondence received by Mr. Sylvester and Mr. Sylvesters' representatives attempting to collect on the discharged debt received from third parties, GECRB also disseminated the slanderous information that Mr. Sylvester owed a debt to GECRB that he did not pay to third parties, Encore Receivables Management, Inc.,  Zwicker & Associates, PC, Resurgent Capital Services, Sherman Financial Group' LLC. (hereinafter "third parties*")  See Complaint ¶¶ 17 and Exhibits H - K.*

Subsequently GECRB also notified Mr. Sylvester they have transferred the discharged debt to Sherman Financial and that they intended to continue publishing the inaccurate information regarding the discharged account on Mr. Sylvester's credit reports.

Based upon the foregoing, Mr. Sylvester filed his nine (9) Count Complaint alleging violations of the Federal Fair Credit Reporting Act, Federal Fair Debt Collection Practices Act and state law claims against GECRB, Experian, Equifax and LVNV.  In its Complaint Mr. Sylvester has alleged that GECRB has deliberately, willfully, intentionally, recklessly, and negligently reported the derogatory inaccurate information about the Plaintiff.  See Complaint ¶ 17.

As of the filing of this response, LVNV, Experian, Equifax and LVNV have settled their claims with Plaintiff and they have been dismissed from this instant action.  In lieu of resolving the matter and correcting its wrongful acts, GECRB filed its Motion to Dismiss Mr. Sylvester's Complaint.  In response to GECRB Motion to Dismiss, the court entered an order to dismissing all Counts except the state law slander claim.  Subsequently, GECRB filed its Motion for Summary Judgment alleging that the remaining slander claim is preempted by federal law.

**MEMORANDUM OF LAW**

Plaintiff's remaining claim of slander involves allegations that GECRB disseminated slanderous statements to third parties, Experian, Equifax, LVNV, Encore Receivables Management, Inc., Zwicker & Associates, PC, Resurgent Capital Services, and Sherman Financial Group' LLC.

GECRB' action as it relates to the FCRA violations pertaining to Experian and Equifax were done with malice and willful intent to injure Mr. Sylvester as pleaded in this action and evidenced by GECRBs actions towards Plaintiff despite Mr. Sylvester's numerous disputes of the slanderous information being reported by GECRB to Equifax and Experian, therefore preemption is avoided in this matter. Furthermore, GECRB's actions were not limited to the credit reporting agencies. Their slanderous statements were also disseminated to third parties, LVNV, Encore Receivables Management, Inc., Zwicker & Associates, PC, Resurgent Capital Services, and Sherman Financial Group' LLC. This conduct does not fall within the activities regulated by FCRA therefore, GECRB's claim that Mr. Sylvester claims are preempted by FCRA are not applicable to Mr. Sylvester claims as they pertain to the slanderous statements made to LVNV, Encore Receivables Management, Inc., Zwicker & Associates, PC, Resurgent Capital Services, and Sherman Financial Group' LLC.

**LEGAL STANDARD**

Summary judgment is proper if the evidence shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). Furthermore, summary judgment may be inappropriate even where the parties agree on the basic facts, but disagree about the inferences that should be drawn from these facts. *See Lighting Fixture & Elec. Supply Co. v. Cont'l Ins. Co*., 420 F.2d 1211, 1213 (5th Cir. 1969). If reasonable minds might differ on the inferences from undisputed facts then the court should deny summary judgment. *See Impossible Elec. Techniques, Inc. v. Wackenhut Protective Sys., Inc*., 669 F.2d 1026, 1031 (5th Cir. 1982); *see also, Andersonv. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986) ("[T]he dispute about material fact is 'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.").

## ARGUMENT

### A. Plaintiff's Claim For Slander against CRA's is Not Prempted By Federal Law

GECRB contend that it is entitled to Summary Judgment based upon the fact that Mr. Sylvester claims as it relates to the FCRA are preempted by Federal Law.

> Section 1681h(e) prohibits a consumer from bringing any action or proceedings for defamation, invasion of privacy, or negligence except as they relate to false information furnished with malice or willful intent to injure such a consumer.

This clause only preempts state claims for defamation, invasion of privacy, and negligence, and only to the extent such claims are not based on malice or willful intent to injure. See Cushman v. Trans Union, 115 F.3d 220, 229 (3d Cir. 1997). Conversely, claims alleging malice or willfulness are not preempted. Manno v. Am. Gen. Fin. Co., 439 F. Supp. 2d 418, 423 (E.D. Pa. 2006).

Despite GECRB's claim, it is clear that within the Complaint, Merle Sylvester has specifically alleges that GECRB actions were done deliberately, willfully, intentionally, recklessly, and negligently and resulted in Mr. Sylvester's injuries. See Complaint ¶ 17.

Plaintiff's slander claim was not preempted because Plaintiff went beyond merely reciting the elements of malice or willful intent and alleged that (1) he apprised Defendants of the allegedly inaccurate information and (2) that they continued to report such information without conducting a reasonable investigation. Gagliardi v. Experian Info. Solutions, Inc., 2009 U.S. Dist. LEXIS 10741 (W.D. Pa.Feb. 12, 2009)

Furthermore, in this case, Plaintiff alleges that he apprised GECRB of the falsity of inaccurate information, and that GECRB continued to report such information without conducting a reasonable investigation. This goes beyond merely reciting the elements of malice or willful intent. Accordingly, Mr. Sylvester claims are not preempted by the FCRA. Cf. Hukic v. Aurora Loan Servs., No. 05 C 4950, 2006 U.S. Dist. LEXIS 36892 (N.D. Ill. May 22, 2006).

**B. Plaintiff's Slander Claims as to Third Parties Do Not Fall under the Purview of the FCRA**

Even if by somehow this Court were to find that Plaintiff's claim against GECRB as it relates to Experian and Equifax are preempted, it is Mr. Sylvester's contention that the actions of GECRB as it relates to third parties, LVNV, Encore Receivables Management, Inc., Zwicker & Associates, PC, Resurgent Capital Services, and Sherman Financial Group' LLC. do not come under the purview of the FCRA as this violation does not relate to credit reporting violations but only to the Florida common law claim.

Defamation is generally defined as the unprivileged publication of false statements which naturally and proximately result in injury to another. Wolfson v. Kirk, 273 So. 2d 774 (Fla. 4th DCA 1973). To establish a cause of action for defamation, a plaintiff must show: (1) That the defendant published a false statement about the plaintiff; (2) To a third party; and (3) That the falsity of the statement caused injury to the plaintiff. See Razner v. Wellington Regional Med. Ctr., Inc., 837 So. 2d 437 (Fla. 4th DCA 2002).

In this instant action, Mr. Sylvester is not liable for the discharged debt which GECRB has made false statements to third parties, LVNV, Encore Receivables Management, Inc., Zwicker & Associates, PC, Resurgent Capital Services, and Sherman Financial Group' LLC. that Mr. Sylvester was liable for the discharged debt. This fact is evident by GECRB failure to provide any documents in response to Mr. Sylvester's Request to Produce Propounded on GECRB which requested that GECRB produce any and all memoranda, correspondence, or other documents which in any way substantiate, document, or evidence that Plaintiff Merle Sylvester was responsible for paying the debt related to this instant action. *See Exhibit L, GECRB's Response to Request for Production # 10.* Based upon the foregoing, one can only conclude from GECRB's failure to provide proof that Mr. Sylvester's is actually liable to GECRB for the disputed debt that it is conceding to the fact that Mr. Sylvester is not in fact liable for the discharged debt. As stated in Mr. Sylvester's Complain, based on GECRB's false statements to third parties, Mr. Sylvester has been damaged, and continues to be damaged, by denial of credit, out-of-pocket expenses associated with disputing the information only to find the information to remain on the credit report, and Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown.

Based upon the foregoing, Plaintiff's allegations with respect to a claim of defamation under the common law of Florida are therefore pleaded with sufficient specificity to survive Defendant's Motion for Summary Judgment due to preemption by the FRCA

**CONCLUSION**

Accordingly, because Plaintiff's claims are not preempted, and GECRB slanderous activities does not fall within the activities regulated by FCRA in relation to LVNV, Encore Receivables Management, Inc., Zwicker & Associates, PC, Resurgent Capital Services, and Sherman Financial Group' LLC., GECRB is not entitled to summary judgment on plaintiff's slander claim.

WHEREFORE, Plaintiff Merle Sylvester, respectfully requests that this Court deny the Defendant's motion for summary judgment on the grounds that Plaintiffs' claim for slander under Florida law is not preempted by the FCRA and a material issue of disputed facts exists, award Plaintiff all other relief which this Court deems just and equitable.

Respectfully submitted,

 /s/ Christine Hansley_____
Christine S. Hansley, Esq.
Fla. Bar No. 732151
C.S. Hansley Law Firm, LLC.
283 Cranes Roost Boulevard
Suite 111
Altamonte Springs, FL 32701
Telephone: (877)-616-9589
Facsimile: (407)-567-7630
Cshlaw4u@aol.com
Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

  I hereby certify that on January 7, 2013, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF system which will send an electronic notification to all counsel of record.

\_/s/ Christine Hansley_____
Christine S. Hansley, Esq.
Fla. Bar No. 732151
C.S. Hansley Law Firm, LLC.
283 Cranes Roost Boulevard
Suite 111
Altamonte Springs, FL 32701
Telephone: (877)-616-9589
Facsimile: (407)-567-7630
Cshlaw4u@aol.com
Attorney for Plaintiffs