# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MERLE SYLVESTER and VICKI SYLVESTER,**

      **Plaintiffs,**

**v.**                                                      **Case No:  6:12-cv-341-Orl-31GJK**

**GE CAPITAL RETAIL BANK,**

      **Defendant.**

## ORDER

This cause comes before the Court on a motion for summary judgment (Doc. 52) filed by Defendant GE Capital Retail Bank ("GECRB"), a response (Doc. 58) filed by Plaintiffs Merle and Vicki Sylvester, and a reply (Doc. 61). For the reasons discussed below, Defendant's Motion will be granted.

### I.  Background

Plaintiffs brought this Fair Credit Reporting Act ("FCRA") and Fair Debt Collection Practices Act ("FDCPA") case on March 5, 2012 asserting nine Counts against four Defendants, only GECRB remains. Each claim arises out of the alleged failure to accurately report Plaintiff Merle Sylvester's credit history. Although the Complaint is vague about the specific debt with which this suit is concerned, Sylvester was "the subject of collection efforts and credit reporting" arising from a debt that he disputes. (Doc. 1, ¶ 12). He claims that Defendant violated the FDCPA, the FCRA, the Florida Consumer Collection Practices Act ("FCCPA"), and various common law duties in collecting and reporting the disputed debt. On August 14, 2012, the Court granted

GECRB's motion to dismiss on all but one claim, common law slander.[1] (Doc. 38). GECRB now moves for summary judgment on that count.

## II.     Standard

A party is entitled to summary judgment when it can show that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 458 (11th Cir. 1994). Which facts are material depends on the substantive law applicable to the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The moving party bears the burden of showing that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Watson v. Adecco Employment Servs., Inc.*, 252 F. Supp. 2d 1347, 1351-52 (M.D. Fla. 2003). In determining whether the moving party has satisfied its burden, the court considers all inferences drawn from the underlying facts in a light most favorable to the party opposing the motion, and resolves all reasonable doubts against the moving party. *Anderson*, 477 U.S. at 255.

When a party moving for summary judgment points out an absence of evidence on a dispositive issue for which the non-moving party bears the burden of proof at trial, the non-moving party must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 324-25 (internal quotations and citations omitted). Thereafter, summary judgment is mandated against the non-moving party who fails to make a showing sufficient to establish a genuine issue of fact for trial. *Id*. at 322, 324-25; *Watson*, 252 F. Supp. 2d at 1352. The party opposing a motion for summary judgment must rely on more

---

[1] Although several claims were dismissed without prejudice, Plaintiffs have not moved to amend the Complaint.

than conclusory statements or allegations unsupported by facts. *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985) ("conclusory allegations without specific supporting facts have no probative value") (citations omitted); *Broadway v. City of Montgomery, Ala.*, 530 F.2d 657, 660 (5th Cir. 1976).

### III.   Discussion

GECRB's sole argument is that Plaintiffs' slander claim is preempted by the FCRA. The issue of preemption under the FCRA is somewhat unsettled because there are two different preemption provisions in the statute. Section 1681h(e), adopted in 1970 as a part of the original FCRA, provides that,

> [N]o consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report except as to false information furnished with malice or willful intent to injure such consumer.

15 U.S.C. § 1681h(e). In 1996, another preemption provision was added to the FCRA which provides, in relevant part,

> No requirement or prohibition may be imposed under the laws of any State . . . with respect to any subject matter regulated under . . . section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies.

15 U.S.C. § 1681t(b)(1)(F). On its face, the 1996 provision appears to render the 1970 provision superfluous—at least with respect to the relevant facts of this case. Courts in this Circuit have taken a variety of approaches in their attempts to reconcile this problem.[2] *See, e.g., Howard v. DirecTV Group, Inc.*, No. CV-109-156, 2012 WL 1850922 (S.D. Ga. May 21, 2012); *Carruthers*

---

[2] This Court previously dismissed Count III pursuant to Section 1681t(b)(1)(F). (Doc. 38).

*v. Am. Honda Finance Corp.*, 717 F. Supp. 2d 1251, 1254-58 (N.D. Fla. 2010); *Allmond v. Bank of Am.*, 3:07-CV-186-J-33JRK, 2008 WL 205320 at *7 (M.D. Fla. Jan. 23, 2008). In the context of this case however, it is unnecessary to address the issue because even under the most permissive approach Plaintiffs still must show "malice or willful intent to injure." *Lee v. Sec. Check, LLC*, 3:09-CV-421-J-12TEM, 2010 WL 3075673 at * 5 (M.D. Fla. Aug. 5, 2010). They have provided no such evidence.

Plaintiffs' sole argument in response is that the Complaint sufficiently alleges malice. Although they sufficiently allege that GECRB acted maliciously, they provide no evidence of any such conduct other than Merle Sylvester's affidavit in which he claims that "GECRB actions (sic) toward me were done with willful intent to injure me." (Doc. 60). This is insufficient to overcome summary judgment. *Avirgan v. Hull*, 932 F.2d 1572, 1577 (11th Cir. 1991) ("The evidence presented cannot consist of conclusory allegations or legal conclusions."(citing *First National Bank of Arizona v. Cities Serv. Co.,* 391 U.S. 253, 289, 88 S.Ct. 1575, 1592, 20 L.Ed.2d 569 (1968)); *Singleton v. McDougall*, 932 F. Supp. 1386, 1387 (M.D. Fla. 1996) (". . . the non-movant may not rest on mere allegations or denials in its pleadings . . ." (citation omitted)). Accordingly, GECRB is entitled to summary judgment with respect to slander claims arising out of its credit reporting activity.

Plaintiffs also argue that,

> [e]ven if by somehow (sic) this Court were to find that Plaintiffs['] claim against GECRB as it relates to Experian and Equifax are preempted, it is Mr. Sylvester's contention that the actions of GECRB as it relates to third parties, LVNV, Encore Receivables Management, Inc., Zwicker & Associates, PC, Resurgent Capital Services, and Sherman Financial Group LLC do not come under the purview of the FCRA as this violation does not relate to credit reporting violations but only to the Florida common law claim.

(Doc. 58 at 5). The Complaint, however, is devoid of any such allegations. It alleges only that GECRB is a "creditor" who "furnishes information to consumer reporting agencies under [the FCRA]"-- clearly implicating Section 1681s-2(a) of the FCRA. At no point prior to this Response do Plaintiffs allege that GECRB made false reports to anyone other than "credit reporting agencies," and they have not moved to amend the Complaint. Plaintiffs cannot now disavow their allegation that GECRB "is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2" solely to avoid preemption. (Doc. 1, ¶ 6). *Buraye v. Equifax*, 625 F. Supp. 2d 894, 901 n.17 (C.D. Cal. 2008). It is therefore,

**ORDERED** that Defendant's Motion for Summary Judgment (Doc. 52) is **GRANTED**. The Clerk is directed to enter judgment in favor of Defendant, GE Capital Retail Bank, on Count IV and to thereafter close the case.

**DONE** and **ORDERED** in Orlando, Florida on January 28, 2013.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties